UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LORRAINE HARRISON, | Case No. 6:24-cv-01133-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JENNIFER POTTS; KAREN STANLEY; BETHANY POWERS FLINT; MICHELLE A. MCIVER; RANDY MILLER; OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendants. | |

MCSHANE, Chief Judge.

Plaintiff, a self-represented litigant, filed suit under 42 U.S.C. § 1983 alleging that the named Defendants unlawfully seized and interfered with the custody of her grandchildren without providing due process of law. Defendants now move for dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. I agree that Plaintiff fails to state a cognizable claim for relief, and Defendants' motion is GRANTED.

1  - OPINION AND ORDER

DISCUSSION

Plaintiff alleges that on May 13, 2022, the Oregon Department of Health Services (ODHS) unlawfully seized Plaintiff's minor grandchildren, EK and JK, from the care of their mother by "using a fraudulent protective order." Compl. at 10. Plaintiff further alleges that on May 17, 2022, Defendant Potts, an ODHS Caseworker, and a City of Bend police officer interviewed PM, another grandchild of Plaintiff's, without a warrant or parental consent. Plaintiff alleges that Potts and the police officer eventually removed PM from Plaintiff's care without a warrant or supporting exigent circumstances. *Id.*

During subsequent dependency proceedings, Plaintiff claims that Judges Flint and McIver placed EK and JK in the custody of ODHS and granted PM's father temporary custody without affording Plaintiff and/or the children's mother due process of law. *Id.* Plaintiff further alleges that ODHS "disqualified" her from being a custodial placement because Plaintiff was "founded" for abuse and complains that Judge Flint considers Plaintiff to be a "danger" to her grandchildren because of her "belief system and thought process." *Id.* at 11. Plaintiff brings claims for damages and injunctive relief against ODHS, Ms. Potts, Assistant Attorney General (AAG) Karen Stanley, and the state court judges involved in her grandchildren's dependency proceedings.

Defendants now move for dismissal on grounds that some of Plaintiff's claims are untimely, Defendants are immune from suit for damages, and principles of comity preclude this Court from interfering with state court dependency proceedings.

A.  Standard for Dismissal

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

2   - OPINION AND ORDER

992, 998 (9th Cir. 2010). However, this Court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "

Dismissal of a self-represented litigant's complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe the pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented litigant "is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

B. Statute of Limitations

A two-year statute of limitations applies to claims alleging the violation of federal constitutional rights, meaning that Plaintiff must have filed suit within two years of the alleged violations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Any claim arising from Defendants' alleged actions in May 2022 is untimely, because more than two years elapsed before Plaintiff filed her Complaint on July 11, 2024. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

No amendment can cure this deficiency, and Defendants' motion is granted with respect to claims arising from the events in May 2022.

C. <u>Immunity from Suit</u>

Next, Plaintiff's claims against Judges Flint, McIver, and Miller are barred by absolute immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Plaintiff's claims arise from legal rulings made during state court dependency proceedings, and these Defendants are entitled to absolute immunity from damages claims.

To the extent Plaintiff seeks to challenge decisions issued by Judges Flint, McIver, and Miller, her claims are essentially an impermissible appeal of a state court ruling and prohibited by the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (depriving federal courts of jurisdiction over cases that directly challenge a state court decision); *see also Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 Fed. App'x 9, 10 (9th Cir. Dec. 26, 2007) (applying *Rooker-Feldman* to child dependency proceedings).

Plaintiff also cannot pursue claims for damages against ODHS, Ms. Potts, or AAG Stanley. ODHS is an arm of the State of Oregon and is immune from suit in federal court under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Plaintiff's claims against Ms. Potts arise from her official duties and she is likewise immune from suit brought against her in an official capacity. *Id.* at 71. Plaintiff's claims against Ms. Stanley also arise from her discharge of official litigation-related duties, and Ms. Stanley is immune from suit, regardless of whether she is sued in an official or individual capacity. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Accordingly, Plaintiff fails to state a viable claim for relief against Defendants.

D. *Younger* Abstention

Finally, this action is also barred by doctrine of *Younger* abstention. *See Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger*, a federal court must not interfere with ongoing state proceedings except under extraordinary circumstances. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (reiterating that the principle of comity underlying *Younger* "includes a proper respect for state functions").

Plaintiff's claims challenge the validity of her grandchildren's dependency proceedings and she requests that this Court intervene by dismissing the dependency proceeding of each child and ordering ODHS to return EK, JK, and PM to their respective mothers. Compl. at 12; *see also* Opp'n at 7. Plaintiff's Complaint and Opposition to Defendants' motion thus make clear that this action involves ongoing dependency cases in state court, and she presents no extraordinary circumstances to warrant the extreme relief of federal court intervention. *See Lacy-Curry*, 262 Fed. App'x at 10 (finding that *Younger* required dismissal of federal claims relating "to a series of state court child dependency proceedings").

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 6) is GRANTED and this action is DISMISSED, with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 19th day of November, 2024.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge
